**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Vincent Williams,** ) | **CASE NO. 1: 16 CV 2420** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Patricia Stipek,** *et al.***,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* plaintiff Vincent Williams, a detainee in the Cuyahoga County Jail (CCJ), has filed this *in forma pauperis* action against Patricia Stipek, Stephen McGowan, Kevin Cafferkey, Rufus Sims, and John P. Luskin, complaining about an on-going state criminal prosecution against him in the Cuyahoga County Court of Common Pleas, Case No. CR-15-596260.  He seeks "immediate removal" of his criminal case from state court, "production of evidentiary items of jurisdictional value," "federal charges against everyone involved," and "just compensation for malicious & unlawful prosecution of the accused."  (Complt., Prayer for Relief.)

### BACKGROUND

Plaintiff is being prosecuted in the Cuyahoga County Court of Common Pleas on three counts of rape, one count of gross sexual imposition, one count of aggravated robbery and two counts of kidnaping.  The crime occurred June 2, 1995.  A fingerprint in the victim's car was

matched to Plaintiff.  The victim's medical records from the time of the rape were also examined.  Plaintiff was indicted on June 1, 2015.  He was arrested in Georgia and brought to the State of Ohio to stand trial.  That criminal case is still pending.

Plaintiff has filed five cases in this United States District Court from September 30, 2016 to December 28, 2016 attempting to remove the criminal case to federal court, seeking dismissal of the charges, and requesting monetary damages and injunctive relief.[1]  In this case, he alleges Patricia Stipek, a Special Investigator with the Ohio Bureau of Criminal Investigations, asked him to discuss a cold case and to provide a DNA sample, both of which he refused.  Defendants McGowan, Cafferkey, Sims, and Luskin are all criminal defense attorneys who represented him at some point during the course of the pending state criminal case and he objects to aspects of their representation.  Plaintiff does not readily identify any legal cause of action he intends to assert against these Defendants.  He asks this Court to remove his criminal prosecution to federal court, and seeks compensation for malicious and unlawful prosecution, and wrongful imprisonment.  The Sixth Circuit recognizes a claim of malicious prosecution arising under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration.  *Sykes v. Anderson,* 625 F.3d 294, 308-310 (6th Cir. 2010).  The Court, therefore, will liberally construe Plaintiff's Complaint to include a claim of malicious prosecution under the Fourth Amendment.

**STANDARD OF REVIEW**

---

[1] In addition to this case, Plaintiff filed two other civil actions, *Williams v. Martin*, No. 1:16 CV 2549 (N.D. Ohio filed Oct. 18, 2016); *Williams v. Martin*, No. 1:16 CV 2785 (N.D. Ohio filed Nov. 16, 2016), and two Notices of Removal of his criminal case, *State of Ohio v. Williams*, No. 1:16 CV 2650 (N.D. Ohio filed Oct. 31, 2016); *State of Ohio v. Williams*, No. 1:16 CV 3082 (N.D. Ohio filed Dec. 28, 2016).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff's Complaint must be summarily dismissed. First, as this Court explained in a prior case Plaintiff previously initiated in this Court, his state criminal case is *not* removable to federal court. *See State of Ohio v. Williams*, Case No. 1: 16 CV 2650. Accordingly, to the extent Plaintiff seeks removal of his case, his action is frivolous.

In addition, to the extent Plaintiff seeks other relief, the Court must abstain from exercising jurisdiction. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The state court case is still pending and state criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal

-4-

challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the concerns raised by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Schrock v. Fredrick*, No. 5:13 CV 2086, 2013 WL 5670976, at *5 (N.D. Ohio Oct. 16, 2013); *Myers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206–07 (6th Cir. Aug.7, 2001). Plaintiff, however, failed to state a viable claim for damages against any of the Defendants, and there would be no point in staying this case. It must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95-6426, 1996 WL 476435, at *1 (6th Cir. Aug. 20, 1996) (stating that it was proper for the district court to dismiss Plaintiff's damages claims, rather than hold them in abeyance, when the Plaintiff failed to state a valid claim for relief).

The only plausible claim that the Court can liberally construe from Plaintiff's pleading arises, if at all, under the Fourth Amendment. Because the Constitution does not directly

provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A public defender or a court-appointed defense attorney, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Similarly, a privately retained attorney is not considered a state actor under § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991). Consequently, Plaintiff cannot assert a civil rights claim under §1983 against any of his criminal defense lawyers.

While Stipek arguably may be considered a state actor for purposes of a § 1983 action, Plaintiff did not state a plausible claim for malicious prosecution against her. To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, Plaintiff must prove: (1) that a criminal prosecution was initiated against him and that the Defendant "ma[d]e, influence [d], or participate[d] in the decision to prosecute;" (2) there was a lack of probable cause for the criminal prosecution; (3) that, "as a consequence of a legal proceeding," Plaintiff suffered a "deprivation of liberty," apart from the

initial seizure; and (4) the criminal proceedings were resolved in the Plaintiff's favor. *Sykes,* 625 F.3d at 308. Plaintiff indicates Stipek is an investigator with the Ohio Bureau of Criminal Investigations. There is no suggestion in the Complaint that she made or participated in the decision to prosecute the Plaintiff. Furthermore, the criminal proceedings against Plaintiff have not been resolved in his favor. They are still pending. He has not stated a claim for malicious prosecution against Stipek.

Finally, up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when the Court can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, (1989). This Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

Plaintiff is cautioned that further attempts to remove his criminal case from state court or to file civil rights actions to contest or disrupt his state criminal proceedings may result in his being enjoined from filing additional cases without first obtaining leave to proceed from this Court.

**CONCLUSION**

For the reasons stated above, this action is dismissed pursuant to §1915(e). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 1/9/17